## UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| **BRUCE JAMES,** | |
| **PLAINTIFF**<br>**V.** | **CIVIL ACTION FILE NO.** |
| **BEN LINDQUIST, IN HIS INDIVIDUAL CAPACITY; SILVIS, AMBROSE, LINDQUIST & COCH, P.C.; THOMASVILLE BANCSHARE, INC D/B/A THOMASVILLE NATIONAL BANK; JOHN DOE 1-3; JANE DOE 1-3; ABC CORPORATIONS 1-3 AND XYZ 1-3** | **JURY TRIAL DEMANDED** |
| **DEFENDANTS.** | |

## COMPLAINT

COMES NOW, the Plaintiff, Bruce James, (hereinafter "Plaintiff" or "James"), by and through the undersigned counsel of record, and files this Complaint against defendants Ben Lindquist, individually (hereinafter "Lindquist"), Silvis, Ambrose, Lindquist & Coch, P.C. (hereinafter "Silvis"), Thomasville Bancshare, Inc D/B/A Thomasville National Bank (hereinafter "TNB"), John Doe 1-3, and Jane Doe 1-3 as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff James resides in Florida and is subject to the jurisdiction of this court.

2.

Defendant Lindquist is a resident of the state of Georgia. Defendant Lindquist may be served with service of process at 331 E. Jefferson Street, Thomasville, GA 31792. Defendant Lindquist is subject to the jurisdiction of this court.

3.

Defendant Silvis is a Georgia Domestic For-Profit Corporation, whose registered agent is Douglas K. Silvis and may be served with process at 220 South Hansell Street, Thomasville, GA, 31792. Defendant Silvis is subject to the jurisdiction of this court.

4.

Defendant Thomasville National Bank is a Georgia Domestic For-Profit Corporation, whose registered agent is Stephen H. Cheney and may be served with process at 301 N BROAD ST, THOMASVILLE, GA, 31792. Defendant TNB is subject to the jurisdiction of this court.

5.

The true names or capacities of Defendants named herein as John Doe (1-3) and Jane Doe (1-3) are unknown employees of unknown corporations who may have caused or contributed to Mr. James' damages. Therefore, Plaintiff sues these Defendants by their fictitious names. Plaintiff will further amend his Complaint to show the true names of Defendants when their names have been ascertained. Plaintiff alleges on information and belief that these Defendants may in some manner be responsible for the acts or omissions alleged herein.

.

- 2 -

6.

The true names or capacities of Defendants named herein as ABC Corporations (1-3) and XYZ Corporations (1-3) are unknown corporations, that may be liable to Mr. James due to the actions of the Defendants. Therefore, Plaintiff sues these Defendants by their fictitious names. Plaintiff will further amend his Complaint to show the true names of Defendants when their names have been ascertained. Plaintiff alleges on information and belief that these Defendants may in some manner be responsible for the acts or omissions alleged herein.

7.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332, inasmuch as the Plaintiff is a citizen of a different state of each of the defendants are a citizen of, and the amount in controversy exceeds $75,000.00.

## FACTUAL ALLEGATIONS

8.

On or around May 2, 2022, Deborah James, wife of Plaintiff James, was driving a vehicle registered in the name of the Plaintiff and was involved in a motor vehicle accident with a relative by the name of, Martha Bush, who was a passenger in the vehicle.

9.

The vehicle being driven by Mrs. James and owned by Plaintiff James was a 2001 Toyota 4 Runner.

10.

It is with information and belief that Ms. Bush hired and retained Defendants Silvis at some point to represent her for personal injuries sustained as a result of the accident.

11.

Plaintiff made a demand to Esurance (the liability carrier for the defendant in the underlying motor vehicle accident), to tender the actual cash value of his vehicle to him for compensation for the total loss of said vehicle.

12.

Esurance inadvertently sent the check to the law firm of Defendant Silvis on or around December 22, 2022, in the amount of $4,621.79.

13.

On or around January 11, 2023, check number 0120284646, made payable only to Bruce James, was endorsed in the name of Bruce James, and deposited into Defendant Silvis trust account (account number 691350067) at defendant TNB's banking institution.(Exhibit "A" cashed check)

14.

The fraudulently endorsed check encompassed Defendant's TNB's identifier such as the Drawer and Trans Numbers of 00106/0055. The check also encompassed the HIN number of 841165510000199.

15.

Plaintiff did not have any open accounts at the time of the deposit at defendant TNB's banking institution.

16.

It is with information and belief that the Defendants Silvis and Lindquist had the subject check endorsed in the name of the Plaintiff for the benefit of Defendants.

17.

At no time did Plaintiff give any of the Defendants permission to endorse the subject check on his behalf.

18.

It is with information and belief that an agent of Defendant TNB in concert with Defendants Lindquist and Silvis caused the subject check to be deposited into the trust account of Defendant Silvis without following standard banking protocols and procedures.

19.

On January 11, 2023, at 1:42 p.m., the same day the subject check was deposited, Defendant Lindquist sent a text message Plaintiff's wife. The text message read as follows:

**"Hi! This is Ben Lindquist. I can meet Mr. James in Bainbridge, Havana, or Tallahassee. Whichever is most convenient for him. I can meet at**

**9:30 am tomorrow morning. He will receive a check for $3081.20. The check is made payable to Bruce Anthony James. Thanks! Ben."**

20.

On January 12, 2023, Mrs. James stated to Defendant Lindquist that the Plaintiff would like a breakdown.

21.

On January 12, 2023, Defendant Lindquist wrote the following text message to Mrs. James:

**"Certainly! And I'll have a copy of the breakdown for him. It's very simple: the remaining limits in the property damage policy totaled $4,621.79. I demanded that they pay that out given the recklessness of the tortfeasor. Our fee is 1/3-which leaves him with $3,081.20. I waived our other costs. I'll shoot him an email now…."**

22.

On January 19, 2023, Defendant Lindquist texted Mrs. James the following:

**"Good morning! I have not heard back from you all. If your husband no longer wants <u>us</u> to pursue those remaining policy limits in his behalf, just let me know and <u>we</u> will return the funds to the insurer and let them no we are no longer pursuing that. I would have assumed $3,081.20 would have been a**

**blessing to him. (smiley face emoji) Please let me know whether or not he would like to meet and get this disbursed or if he no longer interested in doing so. Thanks."**

23.

In total, Defendant Lindquist sent approximately "11" text messages to Mrs. James in an attempt to get the Plaintiff to accept $3,081.20. (Exhibit "B" collection of text messages)

24.

Defendant Lindquist text messages were intentional and purposeful and with full knowledge of the fact that Defendant Silvis did not represent the Plaintiff for any ongoing matters.

25.

Plaintiff sent Defendants Silvis and Lindquist a certified letter dated February 1, 2023, addressing the issue of Defendants fraudulently depositing his check without his knowledge and consent. (Exhibit "C" certified letter)

26.

Defendant Lindquist sent a follow-up text message on February 6, 2023, to Mrs. James, after receiving a letter from the Plaintiff.

27.

Defendant Lindquist sent a self-serving text message to Mrs. James once he knew that he could not deceive the Plaintiff that read as follows:

**"Please convey to your husband that I have contacted Esurance and they have confirmed they mistakenly sent us Mr. James' property damage check when they forwarded us Martha's policy limits check. We routinely demand full policy limits whenever we believe the defendant was guilty of reckless driving. We usually receive back limits and thought we had received the remaining property limits for the punitive damages claim. Unfortunately, that wasn't the case and they had just mistakenly mailed us his initial property damage check. I'm overnighting the full check back to them today and they are sending Mr. James his check. We apologize for the miscommunication as we genuinely believed this was an excess punitive damages check we had received for his benefit. I sent him an email explaining the situation and asked him to call me. His letter has a Havana address and Esurance is sending the check to that address unless he tells them differently today. Again, I am happy to talk further if he has any questions. Kindest regards, Ben"**

28.

It is with information and belief that Defendants Silvis and Lindquist never sent Esurance a demand letter for Plaintiff's property damage.

## COUNT I
## BANK FRAUD TO DEFENDANTS SILVIS AND LINDQUIST
## 18 U.S.C.A. § 1344

29.

Plaintiff James realleges and incorporates herein the averments allegations in paragraphs 1 through 28. Said paragraphs are incorporated herein by reference.

30.

The Defendants executed and/or had one of their agents execute the property damage check issued in the name of Plaintiff.

31.

Defendants knew or should have known that fraudulently endorsing Plaintiff's checks without his authority or consent were by means of false, fraudulent pretenses and/or fraudulent representations.

32.

Defendants' actions were taken with the intent to illegally obtain funds from the Plaintiff they were not legally required to possess.

33.

Defendants' actions were made with the intent to defraud the Plaintiff and the banking institution.

34.

As a direct and proximate result of the Bank Fraud committed by Defendants, Plaintiff has suffered general and special damages.

35.

As a result of Defendants actions, Plaintiff is entitled to Punitive Damages.

## COUNT II
## CONSPIRACY TO COMMIT BANK FRAUD AS TO DEFENDANTS SILVIS AND LINDQUIST

36.

Plaintiff James realleges and incorporates herein the averments allegations in paragraphs 1 through 35. Said Paragraphs are incorporated herein by reference.

37.

The Defendants agreed to a scheme to deceive TNB into depositing Plaintiff's property damage check into their Trust Account.

38.

As a direct and proximate result of Defendants' Conspiracy to commit Bank Fraud, Plaintiff has suffered general and special damages.

39.

As a result of Defendants actions, Plaintiff is entitled to Punitive Damages.

## COUNT III
## FORGERY BY DEFENDANTS SILVIS AND LINDQUIST
40.

Plaintiff James realleges and incorporates herein the averments allegations in paragraphs 1 through 39. Said Paragraphs are incorporated herein by reference.

41.

Defendants had the intent to commit forgery when they caused Plaintiff's name to be signed upon his property damage check without his knowledge and/or consent.

42.

The amount of the check was in excess of $1,500.00.

43.

As a direct and proximate result of Defendants' Forgery, Plaintiff has suffered general and special damages.

44.

As a result of Defendants actions, Plaintiff is entitled to Punitive Damages.

**COUNT IV**
**THEFT BY TAKING**
**BY DEFENDANT LINDQUEST**
45.

Plaintiff James realleges and incorporates herein the averments allegations in paragraphs 1 through 44. Said Paragraphs are incorporated herein by reference.

46.

Defendant Lindquist intentionally and knowingly caused a fraudulently endorsed check issued to Plaintiff to be deposited into Silvis' Trust account.

47.

Defendant unlawfully took and appropriated Plaintiff's check for the benefit of Defendants Lindquist and Silvis.

48.

As a direct and proximate result of Defendants' Theft, Plaintiff has suffered general and special damages.

49.

As a result of Defendants actions, Plaintiff is entitled to Punitive Damages.

**COUNT V**
**CONSPIRACY TO COMMIT THEFT**
**TO ALL DEFENDANTS**
50.

Plaintiff James realleges and incorporates herein the averments allegations in paragraphs 1 through 49. Said Paragraphs are incorporated herein by reference.

51.

Defendants acted in concert with each other to misappropriate the property of the Plaintiff.

52.

Defendants Silvis and Lindquist had the check endorsed without the consent of the Plaintiff.

53.

Defendants presented Plaintiff fraudulently endorsed check to TNB.

54.

TNB and/or an agent of TNB, violated company policy, banking customs and norms when it allowed Defendants Silvis and/Lindquist to deposit Plaintiff's check, without Defendants Lindquist and/Silvis having Plaintiff present to show his identification card to process the transaction.

55.

Defendants allowed the fraudulent check to be deposited, converted and misappropriated without the consent of the Plaintiff.

56.

As a direct and proximate result of Defendants' Theft, Plaintiff has suffered general, treble, and special damages.

57.

As a result of Defendants actions, Plaintiff is entitled to Punitive Damages.

## **COUNT VI**
## **IDENITY FRAUD TO DEFENDANTS LINDQUIST AND SILVIS**

58.

Plaintiff James realleges and incorporates herein the averments allegations in paragraphs 1 through 57. Said Paragraphs are incorporated herein by reference.

59.

Defendant Lindquist and/or an agent of Silvis willfully and fraudulently without consent or authority from the Plaintiff, used Plaintiff's name and likeness to defraud Plaintiff of the money value of his property damage check.

60.

As a direct and proximate result of Defendants' Identity Theft, Plaintiff has suffered general and special damages.

61.

As a result of Defendants actions, Plaintiff is entitled to Punitive Damages.

## COUNT VII
## IMPUTABLE NEGLIGENCE: RESPONDENT SUPERIOR FOR DEFENDANTS TNB AND SILVIS

62.

Plaintiff James realleges and incorporates herein the allegations contained in paragraphs 1 through 61 above as if fully restated.

63.

At all times relevant to this litigation, Defendant Lindquist was acting as an Owner, Employee and/or agent of Defendant Silvis and was working within the scope of his employment.

64.

Defendant Silvis is responsible for the actions of Defendant Lindquist while working at Defendant Silvis under the theory of Respondeat Superior, agency or apparent agency.

65.

Defendant Silvis is also responsible for Defendants John Doe/Jane Doe (1-3) conduct while they were providing legal and/or administrative services at the behest of Defendant Silvis and/or one of their named Partners when Plaintiff's check was fraudulently endorsed, deposited, and converted without Plaintiff's consent and authority.

66.

Defendant Silvis had a nondelegable duty to ensure that employees, contractors and/or agents acting within the scope of their employment carried out their duties in a non-negligent and tortious manner.

67.

Defendant TNB is also responsible for Defendants John Doe/Jane Doe (1-3) conduct while they were providing banking services at the behest of Defendant TNB when Plaintiff's check was presented to the banking employee, processed

without the presentment of a state issued identification card and deposited into the Trust account of Defendant Silvis.

68.

Defendant Silvis had a nondelegable duty to ensure that employees, contractors and/or agents acting within the scope of their employment carried out their duties in a non-negligent and tortious manner.

## COUNT VI
## PUNITIVE DAMAGES

69.

Plaintiff Thomas realleges and incorporates herein the allegations contained m paragraphs 1 through 68 above as if fully restated.

70.

Defendants, in their individual capacity, unreasonably, knowingly, maliciously and/or intentionally injured Plaintiff James and have acted with a willful, wanton and reckless disregard of Plaintiff Thomas's rights.

71.

As a result of Defendants' unreasonable, malicious, reckless and/or intentional conduct, Plaintiff James is entitled to punitive damages being awarded against Defendants in their individual capacity.

## COUNT VII
## ATTORNEY'S FEES

72.

Plaintiff James realleges and incorporates herein the allegations contained m paragraphs 1 through 71 above as if fully restated.

73.

Pursuant to state law, Plaintiff Thomas is entitled to an award of reasonable attorneys' fees and costs of litigation.

## COUNT VIII
## DAMAGES.

74.

Plaintiff James realleges and incorporates herein the allegations contained in paragraphs 1 through 73 above as if fully restated.

75.

As a result of Defendants' unreasonable and unlawful conduct, Plaintiff Thomas has incurred past medical expenses and will continue to incur medical expenses in the future.

76.

As a result of Defendants' unreasonable and unlawful conduct, Plaintiff Thomas has incurred past and future lost wages.

77.

As a result of Defendants' unreasonable and unlawful conduct, Plaintiff

Thomas has incurred mental and physical pain and suffering and will continue to experience pain and suffering in the future.

**WHEREFORE**, Plaintiff James prays that he has a trial on all issues and judgment against defendant as follows:

(a)        That Plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b)        That Plaintiff treble damages pursuant to O.C.G.A. § 16-9-130;

(c)        That the Defendants are jointly and severally liable in punitive damages, pursuant to O.C.G.A. §51-12-5.1;

(d)        That this Court waives statutory punitive damages caps pursuant to O.C.G.A. §51-12-5.1;

(e)        That Plaintiff be awarded all pre-judgment and post-judgment interest;

(f)        That Plaintiff recover such other and further relief as is just and proper;

(g)        That this court award attorney's fees to be proven; and

(h)        That all issues be tried before a jury.

Respectfully Submitted this 18th day of June 2023.

**THE IFILL LAW GROUP**

/s/ Pierre L. Ifill, Esq.
**Pierre L. Ifill, Esq.**
Georgia Bar No. 236187
4751 Best Rd Ste. 173
Atlanta, GA 30337
678-653-8966

Fax:  404-855-4131

E-mail:  Pifill@theifilllawgroup.com

*Attorney For Plaintiff*